■ HEATHER UNGRUHE, Respondent, v BLAKE-RIV REALTY LLC et al., Appellants. [934 NYS2d 155]—

"A landlord has a common-law duty to take minimal security precautions to protect tenants and members of the public from the foreseeable criminal acts of third parties. This duty is also applicable to managing agents" (*Wayburn v Madison Land Ltd. Partnership*, 282 AD2d 301, 303 [2001] [internal citations omitted]). Here, defendants' summary judgment motion was properly denied since the record presents triable issues as to whether the assault on plaintiff was foreseeable.

There was evidence of complaints by the building's tenants of continuously broken locks on the exterior doors of the building and that despite these complaints, the locks were not repaired. Furthermore, evidence including complaints by tenants, printouts of police reports and well-published accounts of similar assaults tended to show prior violent criminal activity in close proximity to the subject building, including attacks on female tenants by perpetrators who gained access to the buildings in which the tenants resided (*see Baez v 2347 Morris Realty, Inc.*, 69 AD3d 480 [2010]). Contrary to defendants' assertion that the attack upon plaintiff was not sufficiently similar to other attacks in the area to raise an inference of liability, "[t]here is no requirement . . . that the past experiences relied on to establish foreseeability be of criminal activity at the exact location where plaintiff was harmed or that it be of the same type of criminal conduct to which plaintiff was subjected" (*Jacqueline S. v City of New York*, 81 NY2d 288, 294 [1993]). Concur—Mazzarelli, J.P., Andrias, Renwick, Freedman and Manzanet-Daniels, JJ.